Electronically Filed at
2/22/2021 12:11 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma Castillo, Deputy

NO. 21-02-39674-MCV

| | | |
|---|---|---|
| MARIA ALVAREZ, § | IN THE DISTRICT COURT OF |
| Plaintiff, § | |
| § | |
| V. § | MAVERICK COUNTY, TEXAS |
| § | |
| WALMART § | |
| Defendant. § | 293RD JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Maria Alvarez, Plaintiff herein, complaining of and about Walmart, Defendant herein, who was acting in conformity with the allegations in this Petition and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2 of the *Texas Rules of Civil Procedure.*

### PARTIES AND SERVICE

2. Plaintiff Maria Alvarez is an individual residing in Maverick County, Texas.

3. Defendant Walmart is a foreign for-profit corporation registered to do business in the state of Texas and is sued under its assumed or common name pursuant to TEX. R. CIV. P. 28. Defendant may be served pursuant to sections 5.201 and 5.255 of the

EXHIBIT 2

Electronically Filed at
2/22/2021 12:11 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma Castillo, Deputy

Texas Business Organizations Code by serving its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## Jurisdiction and Venue

4. Plaintiff seeks only monetary relief over $250,000 but not more than $1,000,000.

5. The subject matter in controversy is within the jurisdictional limits of this Court.

6. This Court has jurisdiction over Defendant Walmart because it is a corporation that purposely availed itself of the privilege of conducting activities in the State of Texas and establish minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. In addition, and in the alternative, Plaintiff would show that Defendant Walmart had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

8. In addition, and in the alternative, Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Walmart to the State of Texas, conferring specific jurisdiction with respect to said Defendant.

Electronically Filed at
2/22/2021 12:11 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma Castillo, Deputy

9. Venue in Maverick County is proper in this cause under TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred here.

10. All conditions precedent have been met or have occurred.

## FACTS

11. On or about March 10, 2019, Plaintiff entered the Walmart store in Eagle Pass, Texas as a business invitee and patron. While in the store, Plaintiff slipped and fell on liquid that had been left on the floor by Defendant's employees, causing her to suffer serious physical injuries. Upon information and belief, the liquid had been on the floor for a sufficient length of time that Defendant's employees knew of or should have discovered the condition.

## RESPONDEAT SUPERIOR

12. Under the doctrine of *respondeat superior*, Defendant is vicariously liable for the actions of their respective employee(s) who were acting within the course and scope of their employment with Defendant.

## PLAINTIFF'S CLAIM AGAINST DEFENDANT

13. At all times material hereto, Defendant was the owner and operator of the Walmart store in Eagle Pass, Texas and Defendant employed the employees working in said restaurant.

14. At all times material hereto, Plaintiff was an invitee on the premises.

Electronically Filed at
2/22/2021 12:11 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma Castillo, Deputy

15. Defendant and/or its employees knew or should have known of the dangerous condition created by the liquid on the floor.

16. The condition presented an unreasonable risk of harm to store patrons, such as Plaintiff.

17. Defendant failed to make the condition reasonably safe and failed to provide Plaintiff with an adequate warning of the condition.

18. Plaintiff fell and was injured as a direct and proximate result of Defendant's failures to make the condition reasonably safe and to warn Plaintiff of the condition.

### DAMAGES FOR PLAINTIFF

19. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff was caused to suffer injuries to her person and to incur the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by her for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the Texas counties in which they were incurred;

   b. Reasonable medical care and expenses which, in all probability, will be incurred in the future;

   c. Physical pain and suffering in the past;

Electronically Filed at
2/22/2021 12:11 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma Castillo, Deputy

   d. Physical pain and suffering which will, in all probability, be incurred in the future;

   e. Physical impairment in the past;

   f. Physical impairment which, in all probability, will be suffered in the future;

   g. Lost wages in the past;

   h. Loss of earning capacity which, in all probability, will be concerned in the future.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Electronically Filed at
2/22/2021 12:11 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma Castillo, Deputy

Respectfully submitted,

LAW OFFICES OF ZIMMERMAN, COTNER,
LEJEUNE, RESSETAR, BENNETT & LANE
A Professional Corporation
3501 West Waco Drive
Waco, Texas 76710
(254) 752-9688
(254) 752-9680 (fax)


BY: /s/ Christopher W. Bennett
    Christopher W. Bennett
    State Bar No. 24069367
    cbennett@zlawhelp.com

ATTORNEYS FOR PLAINTIFF